IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERARDO FIDEL Z., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:26-cv-839-X-BN |
| | § | |
| MARKWAYNE MULLIN, Secretary, | § | |
| U.S. Department of Homeland Security, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs, husband and wife, filed a *pro se* complaint seeking mandamus, declaratory, and injunctive relief based on the husband's pending Form I-485 application to register permanent residence or adjust status, arguing that U.S. Citizenship and Immigration Service's ("USCIS") "continued failure to adjudicate the application is prolonging his detention and family separation." Dkt. No. 3.

United States District Judge Brantley Starr referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Defendants move to dismiss the lawsuit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, asserting in sum: "Because [the husband] is in removal proceedings, USCIS lacks jurisdiction to adjudicate the Form I-485 and the Court lacks jurisdiction to compel adjudication." Dkt. No. 17. Plaintiffs responded. *See* Dkt. No. 18. And the undersigned recommends that the Court grant

the motion and dismiss this lawsuit for the reasons and to the extent set out below.

**Discussion**

Based on the failure-to-adjudicate, Plaintiffs assert claims including violations of the Fifth Amendment Due Process Clause and the Administrative Procedures Act ("APA") and for mandamus relief under 28 U.S.C. § 1361 and declaratory relief under 28 U.S.C. § 2201.

"But 8 U.S.C. § 1252(a)(2)(B)(i) bars judicial review of adjustment-of-status applications, even when made outside the removal context." *Edem v. Bondi*, No. 1:24-cv-148-H-BU, 2025 WL 2642207, at *5 (N.D. Tex. Sept. 15, 2025) (citing *Patel v. Garland*, 596 U.S. 328, 340 (2022); *Momin v. Jaddou*, 113 F.4th 552, 558 (5th Cir. 2024)).

And, so, Plaintiffs "APA and Mandamus [and Declaratory Judgment] Act claims must be dismissed without prejudice for lack of subject-matter jurisdiction." *Id.*; *accord Charaf v. U.S. Citizenship & Immigration Servs.*, No. 3:26-cv-1473-D, 2026 WL 2790287, at *1 (N.D. Tex. Sept. 17, 2026) ("Section 1252(a)(2)(B)(ii) bars courts from reviewing 'discrete acts undertaken to render an adjustment decision and the timing of those acts.' *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024). This includes the pace at which applications are adjudicated. *See id.* Moreover, § 1252(a)(2)(B)'s provisions apply '[n]otwithstanding ... Title 28 ... section[ ] 1361 [the Mandamus Act].' 8 U.S.C. § 1252(a)(2)(B). Charaf's claims under the APA and the Mandamus Act are to remedy what he maintains is an unreasonable delay in the adjudication of his I-485 application. His claims seek judicial review of the

discretionary actions of [USCIS], which are squarely within the INA's jurisdiction stripping provision. *See Cheejati*, 106 F.4th at 394. Because the court lacks jurisdiction to review Charaf's APA and Mandamus Act claims, it grants defendants' Rule 12(b)(1) motion to dismiss." (citation omitted)); *Paz v. Mayorkas*, 767 F. Supp. 3d. 368, 383 (E.D. Tex. 2025) ("The Court also finds that Plaintiffs cannot rely on the Mandamus Act, the APA, or the Declaratory Judgment Act as independent sources of jurisdiction in this case. § 1252(a)(2)(B)(ii) strips this Court of jurisdiction '[n]otwithstanding any other provision of law (statutory or nonstatutory).'" (cleaned up)).

And the United States Court of Appeals for the Fifth Circuit "has held that an alien's interest in adjustment-of-status proceedings – and any interests related to such proceedings – are not protected liberty interests that can support a Due Process claim." *Edem*, 2025 WL 2642207, at *5 (citing *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 228 (5th Cir. 2017); *Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006), and dismissing Due Process claim "with prejudice for failure to state a claim").

And, so, the Court should grant Defendants' 12(b)(1) motion as to Plaintiffs' claims under the APA and Sections 1361 and 2201, and the Court should dismiss the Fifth Amendment claim on its own motion under Federal Rule of Civil Procedure 12(b)(6).

As to this second recommendation, "[t]he broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention

and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

And "[a] magistrate judge's report and recommendation constitutes sufficient notice and opportunity, as the parties can submit objections to the recommended findings and conclusions." *Jones v. City of Dall., Tex.*, No. 24-10803, 2025 WL 2491127, at *6 (5th Cir. Aug. 29, 2025) (per curiam) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

And, after these causes of action are dismissed (with or without prejudice), no jurisdictional hook remains to the extent that Plaintiffs also assert amorphous claims for "unlawful withholding of agency action" and "equitable relief." Dkt. No. 3 at 14-15; *see Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (28 U.S.C. § 1331, as an "independent basis of subject matter jurisdiction," allows for supplemental jurisdiction under 28 U.S.C. § 1367 for purely state-law claims. (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)); *Kewayfati v. Bondi*, 165 F.4th 342, 349, n.35 (5th Cir. 2026) ("[T]he Declaratory Judgment Act does not provide an independent basis for subject-matter jurisdiction. 'And § 1331 alone does not provide jurisdiction for agency actions' absent a statutory waiver of sovereign immunity. Jurisdiction thus 'hinges' on the APA's waiver." (citing *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001), then quoting *Elldakli v. Garland*, 64 F.4th 666, 670 (5th Cir. 2023))).

**Recommendation**

The Court should (1) grant Defendants' motion [Dkt. No. 17] and dismiss

without prejudice Plaintiffs' claims under the APA and for mandamus and declaratory relief under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, (2) dismiss Plaintiffs' Due Process Claim with prejudice on its own motion under Federal Rule of Civil Procedure 12(b)(6), and (3) relinquish jurisdiction over and therefore dismiss without prejudice all remaining claims under 28 U.S.C. § 1367(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE