IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERARDO FIDEL ZEVALLOS and MARIBEL ZEVALLOS, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-839-X |
| | § | |
| MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Gerardo and Maribel Zevallos (the Zevalloses) filed a *pro se* complaint against officials in the U.S. Department of Homeland Security as well as the Attorney General. The complaint sought a writ of mandamus, declaratory, and injunctive relief. The Government moved to dismiss the case for lack of subject matter jurisdiction. The United States Magistrate Judge made findings, conclusions, and recommendations (FCR) in this case. The Zevalloses filed objections.

The Court reviewed *de novo* those portions of the FCR to which the Zevalloses objected,[1] **OVERRULES** each of the Zevalloses' objections, and **ACCEPTS** the relevant portions of the FCR. The Court reviewed the remaining portions of the FCR for plain error and found none. Accordingly, the Court **ACCEPTS** and **ADOPTS** the unobjected-to portions of the FCR.

[1] 28 U.S.C. § 636(b)(1).

The Zevalloses' first two objections argue the Magistrate Judge conflated the Zevalloses' requested relief with a request to direct an outcome on Gerardo's adjustment-of-status application.[2] The Immigration and Naturalization Act "bars judicial review of adjustment-of-status applications."[3] The Zevalloses concede that section 1252 bars judicial review of adjustment-of-status applications.[4] They instead contend that section 1252's jurisdictional bar does not apply because they are not requesting the Court to direct an outcome to Gerardo's adjustment-of-status application.[5] They want the Court to speed up disposition of that application so that, in their view, section 1252's judicial review bar will be lifted.[6]

Fifth Circuit precedent forecloses this argument. "Section 1255(a) expressly leaves not only the ultimate decision to adjust an applicant's immigration status but also actions taken in the course of the decision-making process—including the pace at which that process is undertaken—to the discretion of the Attorney General . . . ."[7] Section 1252 thus divests the Court of jurisdiction to review "the antecedent procedural circumstances" that the Zevalloses seek to challenge.[8] Lacking jurisdiction, this Court cannot order a "voluntary administrative consultation" that

---

[2] *See* Doc. 21 at 5–10.

[3] *Edem v. Bondi*, 2025 WL 2642207, at *5 (N.D. Tex. Sept. 15, 2025) (citing *Patel v. Garland*, 596 U.S. 328, 340 (2022), *Momin v. Jaddou*, 113 F.4th 552, 558 (5th Cir. 2024), and 8 U.S.C. § 1252(a)(2)(B)(i)).

[4] *See* Doc. 21 at 6.

[5] *See id.*

[6] *Id.* at 7–8.

[7] *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024).

[8] Doc. 21 at 6.

the Zevalloses' second, third, and fifth objections suggest would resolve their claims.[9] Accordingly, the Court **OVERRULES** the Zevalloses' first, second, third, and fifth objections[10] and **ACCEPTS** the relevant portion of the FCR.[11]

The Zevalloses' fourth and sixth objections seek leave to amend their complaint's Fifth Amendment Due Process Clause claim and request the Court's dismissal be without prejudice "to the maximum extent permitted by law."[12] The FCR recommended dismissing the Zevalloses' Due Process claim *sua sponte* with prejudice.[13] The FCR recommended dismissing the remaining claims without prejudice.[14]

The Fifth Circuit "has repeatedly held that discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection."[15] This principle extends to any interest related to adjustment-of-status proceedings.[16] The Zevalloses claim that the federal government's "prolonged failure to adjudicate Plaintiff's immigration application" has violated Gerardo's "fundamental liberty interests protected by the Fifth

---

[9] Doc. 21 at 9, 12; *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868))).

[10] *See* Doc. 21 at 5–12, 14–17.

[11] *See* Doc. 20 at 2–3.

[12] Doc. 21 at 12–14, 17–19.

[13] *See* Doc. 20 at 3.

[14] *See id.* at 4–5.

[15] *Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006).

[16] *See Edem*, 2025 WL 2642207, at *5.

Amendment."[17] The Fifth Circuit's holding in *Ahmed* forecloses such a claim.[18] Therefore, the Zevalloses do not have a valid claim under the Due Process Clause, and the Court must **DISMISS WITH PREJUDICE** for failure to state a claim.[19]

The FCR recommends dismissing the remaining non-constitutional claims without prejudice.[20] The Court agrees that dismissal without prejudice is proper for claims where the Court lacks jurisdiction.[21] Accordingly, the Court **OVERRULES** the Zevalloses' fourth and sixth objections[22] and **ACCEPTS** the relevant portion of the FCR.[23]

* * *

The Court **GRANTS** the Government's Motion to Dismiss (Doc. 17). The Court **DISMISSES WITH PREJUDICE** the Zevalloses' Fifth Amendment Due Process claim. And the Court **DISMISSES WITHOUT PREJUDICE** the Zevalloses' remaining non-constitutional claims. The Court **GRANTS** the Zevalloses leave to amend their complaint to cure the jurisdictional defects identified in this Order within 28 days of its issuance. This amendment is limited to the claims which the Court dismissed without prejudice. They may not add new parties or claims.

---

[17] Doc. 3 at 14.

[18] *See Ahmed*, 447 F.3d at 440.

[19] *See id.* (holding the plaintiff's "Due Process claim therefore must be dismissed with prejudice").

[20] *See* Doc. 20 at 4–5.

[21] *See Kewayfati v. Bondi*, 165 F.4th 342, 355 (5th Cir. 2026) (holding that "jurisdictional dismissals must be *without* prejudice").

[22] *See* Doc. 21 at 12–14, 17–19.

[23] Doc. 20 at 3–4.

**SO ORDERED** this 14th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE